```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CAMERON DIXON,**

        **Plaintiff,**

v.                                    Civ. Action No. 1:20-CV-50
                                             (Judge Kleeh)

**JAMES THORPE,**
**President of Fidelity Properties,**

        **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 24]

On March 19, 2020, Plaintiff Cameron Dixon ("Plaintiff") filed a Complaint against Defendant James Thorpe ("Defendant") alleging violations of the Fair Debt Collections Practices Act ("FDCPA"). [ECF No. 1]. Since the filing of the Complaint, Plaintiff has failed to prosecute and pay the required filing fee in this matter. [See ECF Nos. 11, 22, 23].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On December 11, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 24], recommending that the Court dismiss Plaintiff's Complaint for failure to prosecute and failure to pay the initial partial filing fee as ordered by the Court [ECF No. 24].

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report

and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Therefore, parties have fourteen (14) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on December 17, 2020. [ECF No. 25]. To date, no objections to the R&R have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been

made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R in its entirety [ECF No. 24]. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to pay the initial partial filing fee or show cause as ordered by this Court. [ECF No. 1]. The Court **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all pro se parties via certified mail, return receipt requested, and to counsel of record via email.

**DATED**: May 7, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE